**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-41098
Summary Calendar
_____


JOSE MELENDREZ, JR.,

Plaintiff-Appellant,

versus

ROBERTO LOZA, Task Force Agent, Zapata County, Texas
in his official capacity; TONY QUINTANILLA, formerly Investigator
of Zapata County, Texas, now a U.S. Border Patrol Agent
in his official capacity; JOHN DOE, State Trooper (DPS), Del Rio,
Texas in his official capacity; ARNOLDO FLORES, District
County Clerk, Zapata County, Texas in his official capacity;
JUAN H. NAVARRO, Sergeant at Navarro County Sheriff's
Department, Texas in his official capacity; ROLANDO GARZA,
District Attorney, Zapata County, Texas in his official capacity,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CV-99
---------------------------------------------------------
June 4, 2002

Before JOLLY, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

    *    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jose Melendrez, Jr., federal prisoner # 06688-059, appeals the dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim under FED. R. CIV. P. 12(b)(6). Melendrez's claims are against officials of Zapata County, Texas, in their official capacities. Therefore, the officials are not subject to § 1983 liability. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Skelton v. Camp, 234 F.3d 292, 294 (5th Cir. 2000). Zapata County is likewise immune because Melendrez fails to point to an official policy or custom that caused the deprivation of a constitutional right. Monell v. Department of Social Servs. of New York, 436 U.S. 658, 694 (1978); Evans v. City of Houston, 246 F.3d 344, 358 (5th Cir. 2001).

Melendrez also appeals the district court's denial of his motion for a preliminary injunction. Melendrez's request to have the district court enjoin a state court from prosecuting him falls under the purview of Younger's abstention doctrine. Younger v. Harris, 401 U.S. 37, 41 (1971)); Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995). Therefore, the district court did not err when it denied Melendrez's motion for a preliminary injunction. Sugar Busters L.L.C. v. Brennan, 177 F.3d 258, 265 (5th Cir. 1999). The judgment of the district court is affirmed.

Melendrez's motion for the appointment of counsel is denied. The request for costs under FED. R. APP. P. 38 by appellees Loza, Quintanilla, Flores, Navarro, and Garza is denied for failure to file the proper motion. See FED. R. APP. P. 38.

AFFIRMED; ALL MOTIONS DENIED.